**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mavric Jordan Smith, Appellant.

Appellate Case No. 2023-000832

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2026-UP-326
Submitted June 18, 2026 – Filed July 1, 2026

**AFFIRMED**

Senior Appellate Defender Lara Mary Caudy, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Andrew Douglas Powell, both of
Columbia; and Solicitor Cynthia Smith Crick, of
Greenville, all for Respondent.

**PER CURIAM:** Mavric Jordan Smith appeals his convictions for criminal sexual conduct with a minor in the second degree, kidnapping, and incest as well as his concurrent sentences of sixteen years' imprisonment. On appeal, Smith argues the

trial court erred in admitting hearsay evidence when a witness qualified as an expert in pediatric and child sexual abuse (the expert) testified about prior consistent statements made by the victim that were beyond the time and place of the sexual assault and not made for the purpose of medical diagnosis or treatment and that the admission prejudiced Smith because the testimony improperly bolstered the victim's testimony.  We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Smith's argument that the expert's testimony was inadmissible hearsay because it was not limited to the time and place of the sexual assault and not made for the purpose of medical diagnosis or treatment is not preserved for appellate review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").  Smith objected to the expert's testimony, arguing it improperly bolstered the victim's testimony, and the trial court overruled the objection, finding the testimony did not improperly bolster the victim, and denied Smith's request for a curative instruction.  *See id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").  To the extent Smith argues the expert's testimony improperly bolstered the victim by its inherent corroborative nature, Smith's objection lacked sufficient specificity to inform the trial court of this point.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n objection must be sufficiently specific to inform the trial court of the point being urged by the objector.").

Further, we hold the trial court did not abuse its discretion in admitting the expert's testimony because the testimony did not improperly bolster the victim.  *See State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d 490, 494-95 (2013) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006))); *Douglas*, 369 S.C. at 429-30, 632 S.E.2d at 848 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").  The expert did not give an opinion as to whether she believed the victim; instead, she conveyed the information the victim provided to her that she used to determine necessary testing and treatment.  *See State v. Jennings*, 394 S.C. 473, 480, 716 S.E.2d 91, 94 (2011) ("For an expert to comment on the veracity of a child's accusations of sexual abuse is improper."); *Chappell v. State*, 429 S.C. 68, 75, 837 S.E.2d 496, 499-500 (Ct. App. 2019) ("Improper bolstering is 'testimony that indicates the witness believes

the victim, but does not serve some other valid purpose.'" (quoting *Briggs v. State*, 421 S.C. 316, 325, 806 S.E.2d 713, 718 (2017))); *id.* at 75, 837 S.E.2d at 500 ("Improper bolstering also occurs when a witness testifies for the purpose of informing the jury that the witness believes the victim, or when there is no other way to interpret the testimony other than to mean the witness believes the victim is telling the truth."); *Kromah*, 401 S.C. at 358, 737 S.E.2d at 499 ("[E]ven though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others."); *id.* at 358-59, 737 S.E.2d at 500 ("Specifically, it is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter."); *Briggs*, 421 S.C. at 324, 806 S.E.2d at 717 ("[A] witness may not give an opinion for the purpose of conveying to the jury—directly or indirectly—that she believes the victim.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.